STATE of Wisconsin, Plaintiff-Respondent,

v.

Debra L. VAN RIPER, Defendant-Appellant.†

Court of Appeals

*No. 97–3367–CR. Submitted on briefs July 2, 1998.—Decided September 24, 1998.*

(Also reported in 586 N.W.2d 198.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Megan L. DeVore* of *Sauer, Becker, Flanagan & Lynch, Ltd.* of La Crosse.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Thomas J. Balistreri*, assistant attorney general.

Before Dykman, P.J., Eich and Roggensack, JJ.

ROGGENSACK, J.  Debra Van Riper appeals from her conviction of one count of delivery of marijuana within 1,000 feet of a "youth center," as a repeater, in violation of §§ 961.41(1)(h)1., 961.49(1), (2)(a) and (2)(b), and 961.48(2), STATS.; and from an order of the circuit court denying her postconviction motion.[1] The circuit court determined that a penalty enhancer was properly applied to the first count of her conviction because a "day care center" comes within the definition of a "youth center" as it is used in § 961.49. We agree and conclude that based on the plain language of § 961.49, a "day care center" is a type of "youth center." Therefore, we affirm.

---

[1] She was also convicted of one count of delivery of marijuana, as a repeater, in violation of §§ 961.41(1)(h)1. and 961.48(2), STATS., but that conviction is not before us.

## BACKGROUND

On October 17, 1996, Van Riper sold marijuana to a police informant at a residence located within 1,000 feet of a day care center. As a part of a negotiated plea agreement, Van Riper entered a guilty plea to one count of delivery of marijuana within 1,000 feet of a youth center, as a repeater, in violation of §§ 961.41(1)(h)1., 961.49(1), (2)(a) and (2)(b), and 961.48(2), STATS., and to one count of delivery of marijuana, as a repeater, in violation of §§ 961.41(1)(h)1. and 961.48(2). Under the negotiated plea agreement, the remaining charges in the amended criminal information were dismissed and read in for purposes of sentencing.

Because Van Riper was a repeater, the penalty enhancer doubled the maximum possible fines and terms of imprisonment for the two counts. On April 28, 1996, the court imposed a two-year sentence on the first count and withheld sentence on the second count, ordering five years of probation concurrent with the prison sentence imposed on the first count.

Van Riper filed a postconviction motion challenging the use of the § 961.49(2), STATS., which the circuit court had applied because Van Riper sold drugs within 1,000 feet of a day care center. She argued that a day care center did not come within the definition of "youth center," which is one of the places listed in § 961.49(2). The circuit court disagreed because it concluded that a day care center falls within the definition of "youth center." This appeal followed.

## DISCUSSION

### Standard of Review.

■

Van Riper's appeal requires us to construe §§ 961.49 and 961.01(22), STATS. We review questions of statutory interpretation *de novo*. *Patients Comp. Fund v. Lutheran Hosp.*, 216 Wis. 2d 49, 52–53, 573 N.W.2d 572, 574 (Ct. App. 1997).

### Sections 961.49 and 961.01(22), STATS.

Section 961.49, STATS., establishes increased penalties, for distributing, or possessing with intent to deliver, controlled substances on or near certain places. The statute lists the places in which a penalty enhancer applies:

> [W]hile in or on the premises of a scattered-site public housing project, while in or on or otherwise within 1,000 feet of a state, county, city, village or town park, a jail or correctional facility, a multiunit public housing project, a swimming pool open to members of the public, a youth center or a community center, while in or on or otherwise within 1,000 feet of any private or public school premises or while in or on or otherwise within 1,000 feet of a school bus . . . .

Section 961.49(2)(a), STATS.

Because Van Riper was in possession with intent to deliver not more than twenty-five grams of tetrahydrocannabinols within 1,000 feet of a day care center, the penalty enhancer under § 961.49(2)(b), STATS., was applied to the first count of her conviction. It required the circuit court to sentence Van Riper to at least one year in prison, with no eligibility for parole

■

until at least one year has been served.[2] Van Riper challenges the legality of this penalty enhancer based on the contention that a day care center is not included among the places listed in § 961.49. The State contends that a day care center is included within the meaning of "youth center;" and therefore, the penalty enhancer was properly applied.

The threshold question when construing a statute is whether the statutory language is ambiguous. *State v. Williquette*, 129 Wis. 2d 239, 248, 385 N.W.2d 145, 149 (1986). Statutory language is deemed ambiguous if reasonable persons could disagree about its meaning. *Id.* The term "youth center," as it is used in § 961.49(2)(a), STATS., is defined in § 961.01(22), STATS., of the Uniform Controlled Substances Act[3] which states:

> "Youth center" means any center that provides, on a regular basis, recreational, vocational, academic or social services activities for persons younger than 21 years old or for those persons and their families.

However, the term "day care center" is not defined in the Act, but it is defined elsewhere in the statutes. *See* § 49.136(1)(d), STATS. Section 49.136(1)(d) states:

> "Day care center" means a facility operated by a child care provider that provides care and supervision for 4 or more children under 7 years of age for less than 24 hours a day.

---

[2] This penalty was then doubled because Van Riper was a repeat offender.

[3] The Uniform Controlled Substances Act is set out in ch. 961, STATS.

Section 961.01(22), STATS., is not written in technical terms. Therefore, in order to determine whether day care centers are a subset of youth centers, we must give the words chosen by the legislature their ordinary and accepted meaning, which meaning may be ascertained from a recognized dictionary. *Williquette*, 129 Wis. 2d at 248, 385 N.W.2d at 149; *State v. Lopez*, 207 Wis. 2d 413, 432, 559 N.W.2d 264, 271 (Ct. App. 1996).

The terms used to describe the activities of a youth center are "recreational," "vocational," "academic," and "social services." The terms are listed in the alternative and those most pertinent to the definition of a day care center are "recreational" and "social services." "Recreational" is defined to mean, "equipped so as to provide diversions or amusements." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1899 (ed. 1993, unabridged). "Social" is defined to mean, among other things, "concerned with the welfare of human beings as members of society." *Id.* at 2161.

Day care centers provide recreational and social services activities because they provide for the welfare of children by affording physical and emotional care, diversions and amusements for them, while their parents are otherwise occupied. Additionally, day care centers provide care for children, who fall within the age group set out in the statutory definition of a youth center. *See* § 961.01(22), STATS.; § 49.136(1)(d), STATS.

Furthermore, protecting the public from the dangerous conditions associated with drug trafficking has been held to be the legislative purpose of § 961.49, STATS. *Lopez*, 207 Wis. 2d at 432, 559 N.W.2d at 271.[4]

---

[4] *State v. Lopez*, 207 Wis. 2d 413, 559 N.W.2d 264 (Ct. App. 1996), interpreted § 161.49, STATS., which became § 961.49, STATS., by 1995 Wis. Act 448, § 289.

Wisconsin's penalty enhancer for delivering controlled substances in proximity to certain places, protects those most vulnerable, in areas· where children and young people congregate. *Id.* Therefore, the policy behind the statute includes enforcement of a high standard of care for the protection of children. *State v. Hermann*, 164 Wis. 2d 269, 281, 474 N.W.2d 906, 910 (Ct. App. 1991). The youngest, most vulnerable children gather at day care centers. Including day care centers within the zone of protected places would be consistent with the legislative policy of protecting children from the violence and danger associated with drug trafficking. Therefore, we conclude that the plain meaning of the statute, consistent with the legislative purpose underlying the statute, requires us to hold that day care centers are included within the youth centers mentioned in § 961.49(2)(a). We affirm the judgment of the circuit court.

## CONCLUSION

Because day care centers provide recreational and social services activities for children, they are a subset of "youth centers" and come within the definition of places listed in § 961.49(2), STATS. The protection of children, who congregate at day care centers and are very vulnerable to the dangers associated with drug trafficking, is furthered by the plain meaning of the statute, thereby confirming our construction of the language chosen by the legislature.

*By the Court.*—Judgment and order affirmed.